# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| WILLIE FRANK WRIGHT, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) NO. 5:19-CV-237 (MTT) |
| | ) |
| KEVIN SPRAYBERRY, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is Magistrate Judge Charles H. Weigle's Recommendation, Doc. 22, on Respondent's motion to dismiss, Doc. 9, Petitioner, Willie Frank Wright's, application for writ of habeas corpus, Doc. 1. The Magistrate Judge recommends granting the Respondent's motion and dismissing without prejudice for failure to exhaust state court remedies. Doc. 22. Wright has objected to the Recommendation. Doc. 23. The Court has reviewed the objection and has made a de novo determination of the portions of the Recommendation to which Wright objects.

The Magistrate Judge determined that Wright has not exhausted his remedies in state court. Doc. 22 at 1-3. Specifically, Wright's motion for new trial has been pending in the Superior Court of Baldwin County since August 19, 2010 and, therefore, his conviction is not even final. As the Magistrate Judge stated, Wright is clearly the cause for the delay in his on-going motion for new trial proceedings. His numerous amendments, multiple motions to remove counsel, motions to have the trial judge recused, motion to have the district attorney removed, numerous appeals, and requests

for continuances have resulted in the delay of his state proceedings.[1] The Magistrate Judge concluded that Wright's delay-inducing actions do not amount to "an absence of available State corrective process," and are, therefore, not grounds to waive the exhaustion requirement. Doc. 22 at 2 (quoting 28 U.S.C. § 2254(b)(1)(B)(i)).

Wright makes two objections. Both are without merit.

1. The Magistrate Judge had authority to enter a recommendation.

Citing 28 U.S.C. 636(c)(1), Wright argues the Magistrate Judge did not have "subject matter jurisdiction" to file a recommendation because Wright did not consent to such. Doc. 23 at 1. 28 U.S.C. 636(c)(1) provides that a Magistrate Judge may handle all proceedings and enter a final judgment disposing of the case if the parties consent. The parties' consent, however, is not required for the Magistrate Judge to enter a recommendation. 28 U.S.C. § 636(b)(1) provides that a designated Magistrate Judge can hear and determine all pretrial matters pending before the court, except for dispositive motions, and can make recommendations to the District Judge on dispositive motions. Pursuant to 28 U.S.C. § 636(b)(1), the Magistrate Judge had authority to make a recommendation on Respondent's motion to dismiss. See also M.D. Ga. L.R. 72.3

2. Wright's own behavior is the cause of the delay in state court.

It is uncontested that Wright's motion for new trial is pending in the Superior Court of Baldwin County. Docs. 1 at 5; 9. Thus, his claims are unexhausted. In fact,

---

[1] In his two previous §2254 actions, both of which were dismissed without prejudice for failure to exhaust, the Court noted that Wright caused the delay in his state court proceedings. *Wright v. McLaughlin*, 5:13-cv-209, Doc. 52 at 5 (M.D. Ga.) ("Petitioner has not shown that the delays in resolving his new trial motion are the fault of anything but his own actions."); *Wright v. Johnson*, 5:15-cv-423, Doc. 32 at 13 ("[T]he almost seven-year delay in Petitioner's motion for a new trial is attributable to Petitioner's actions. The state court has repeatedly explained to Petitioner the need to reach a decision and advised him of the delay his actions were causing.").

his conviction is not even considered final. *Horton v. Wilkes*, 250 Ga. 902, 903, 302 S.E.2d 94, 96 (1983).

Wright argues that he is not the cause of the delay in the state court. Instead, the delay has been caused by the Superior Court of Baldwin County's failure to produce a transcript for a hearing held on April 16, 2010 and failure to "correct" a July 5, 2010 transcript. Doc. 23 at 2. He states the court granted his requests for transcripts, "but they have not produced the April 16, 2010 [transcript] nor have they corrected [the] July 5, 2010" transcript. *Id.* at 3. Respondent states that Wright has all of the transcripts, and "[f]unctionally the problem boils down to [Wright's] refusal to accept that a transcript from April 16, 2010 does not exist, and the remaining transcripts are all correct and complete." Doc. 9-1 at 14 n.3.

The record seems to verify that Wright has received certified copies of the transcripts from his criminal case. *See* Doc. 10-7 at 4 (state court informing Wright that he has all the transcripts and the transcripts accurately reflect what transpired in court). Regardless, the record verifies that this is not a case of "unreasonable, unexplained state delays in acting on the petitioner's motion for state relief" that would warrant waiving the exhaustion requirement. *Cook v. Fla. Parole & Prob. Comm'n*, 749 F.2d 678, 680 (11th Cir. 1985). Instead, Wright's own actions are the primary reason his motion for new trial has been pending so long in the Superior Court of Baldwin County.

Wright was convicted of aggravated assault and family violence battery in August 2010. Doc. 10-1 at 113. He filed a pro se motion for new trial on August 19, 2010 and requested appointed counsel. *Id.* at 123, 126. Afterwards, Wright filed numerous amendments and various pro se motions. *Id.* at 125-46; Doc. 10-2 at 2-7. John Bradley

was appointed to represent Wright and Wright promptly moved to "discharge" him. *Id.* at 149. The court scheduled a hearing for August 5, 2011, Doc. 10-2 at 9, but that hearing was apparently cancelled. Wright filed numerous additional motions, including a motion to terminate counsel and proceed pro se, motion to recuse the trial judge, and motion to reduce his sentence. *Id.* at 11, 14-15.

During the first hearing on his motion for new trial on November 18, 2011, Wright, who was proceeding pro se at the time because he successfully had his appellate counsel removed from the case, told the court he could not proceed because he did not have the July 5, 2010 transcript. Doc. 10-4 at 6. The court stated it would make sure Wright received the transcript and reschedule his motion for new trial hearing. *Id.* at 10, 12.

At the January 6, 2012 hearing, the court tried to determine exactly what transcripts Wright needed. Doc. 10-5. Wright stated he needed a complete copy of the July 5, 2010 transcript, which would show the court did not rule on his motion to suppress. *Id.* at 4. Wright said he had received a portion of this transcript but it was not complete. *Id.* at 7. The court told Wright it would check and make sure he received the entire July 5, 2010 transcript. *Id.* Wright stated he also needed a transcript from April 16, 2010, which would allegedly show his previous counsel requested the court order a mental evaluation for Wright. *Id.* at 5. The court told Wright that it would "contact all the court reporters involved" and make sure Wright had a copy of all the transcripts he requested. *Id.* The court also granted Wright's motion for appointment of counsel. *Id.* at 35, 48.

New appellate counsel, Marnique Oliver, filed an entry of appearance on February 2, 2012. Doc. 10-2 at 39. Wright proceeded to file two pro se notices of appeal. On March 23, 2012, the Georgia Court of Appeals granted Wright's pro se application for discretionary appeal of the order denying his appeal bond. *Id.* at 59. Wright also appealed the trial court's denial of his motion to recuse Chief Judge William A. Prior, Jr. and remove the district attorney. Docs. 10-2 at 83; 10-6 at 2.

On April 4, 2012, Wright filed a "motion to terminate appeals counsel and appoint another counsel for appeal." Doc. 10-2 at 60. On April 25, 2012, he filed a "Motion to Terminate Counsel and Proceed pro se." *Id.* at 62. On June 26, 2012, Wright moved pro se to "Obtain Order of the Court for Appellate Review or Motion to Set Aside the Earlier Judgment on August 2, 2010 by Judge Hulane E. George." *Id.* at 67.

Because Wright would not stop filing pro se motions, Oliver filed a notice of intent to withdraw as counsel on July 17, 2012, which the court granted on August 17, 2012. *Id.* at 70-72. The court appointed Jimmonique Rodgers. *Id.* at 90-93, 104. Wright continued to file numerous pro se motions and appeals. *Id.* at 81-82, 85-88.

Rodgers moved for a hearing to determine representation of Wright on appeal because Wright would not stop filing pro se motions and appeals. Doc. 10-2 at 90-93. The court held a hearing on November 16, 2012, dismissed Rodgers, and appointed Marnique Oliver again on November 19, 2012. *Id.* at 104-05. On December 31, 2012, Wright filed a pro se motion to recuse Chief Judge William A. Prior, Jr and a pro se Motion for a Hearing on the Matter of Ineffective Assistance of Appellate Counsel and Government Interference with Counsel. *Id.* at 106-08. Between January and March 2013, Wright continued to file various pro se motions. *Id.* at 108-11.

Oliver filed an Amended Motion for New Trial on April 19, 2013, and the court scheduled a hearing for May 31, 2013. *Id.* at 112-27. Oliver subpoenaed witnesses for the hearing. *Id.* at 143. Ultimately, however, the hearing had to be continued because of Wright's pending pro se discretionary appeal of Judge Prior's denial of his motion to recuse. Docs. 10-2 at 143; 10-6.

Wright filed a pro se "Additional Grounds for Motion for New Trial," and an "Amendment to Motion for New Trial," on June 14, 2013. Doc. 10-2 at 128-35. Between June 2013 and December 2013, Wright filed four pro se appeals in the Georgia Court of Appeals and three in the Georgia Supreme Court. *Id.* at 144. On February 11, 2014, Wright filed several pro se motions against Judges Cline, Prior, and George. *Id.* On March 23, 2014, Wright moved again to remove the district attorney from his case. *Id.*

On June 6, 2014, Oliver filed a Notice of Intent to Withdraw as Counsel because Wright would not stop filing pro se motions, amendments, and notices of appeal. *Id.* at 139. Oliver complained that "[s]ince the hearing on November 16, 2012, [Wright] continues to file pro se motions that prevent undersigned counsel from effectively representing him on appeal and presenting his case for the Amended Motion for New Trial." *Id.* at 143. She stated that Wright "is fully aware that his pro se motions in the appellate court are preventing Judge Prior from continuing with" his motion for new trial. *Id.* at 145. A hearing was scheduled for August 1, 2014. Doc. 10-3 at 16. Wright objected and filed a motion to substitute counsel. *Id.* at 20-32. The court denied counsel's motion to withdraw and scheduled the motion for new trial hearing for November 21, 2014. *Id.* at 33-36.

Prior to the new trial hearing, Wright's mental competency was called into question, and on October 7, 2014, the court ordered an evaluation. *Id.* at 38. Wright continued to file pro se motions and on November 9, 2015 Oliver filed another Notice of Intent to Withdraw as Counsel. *Id.* at 42-47. Wright filed a pro se motion and amended motion to substitute counsel and moved again to have the district attorney removed from his case. *Id.* at 61; Doc. 10-2 at 138. The Court held a hearing on January 29, 2016 and allowed Oliver to withdraw but ordered the Georgia Public Defender Counsel to continue to represent Wright. Doc. 10-3 at 57, 63.

David Walker filed an entry of appearance on March 2, 2016. *Id.* at 66. Wright filed a pro se "Request for Order to Order that Counsel be Appointed for Appeal or Appoint counsel of Choice," a "Motion to Substitute Counsel for Good Cause," and a "Motion to Terminate Counsel and Proceed pro se." *Id.* at 71-73, 78-80. The court scheduled a hearing for April 13, 2018 to address the issue of counsel, but Walker notified the court that a hearing was not necessary because Wright decided he wanted Walker to continue representing him. *Id.* at 85-86. On August 31, 2018 Walker filed a second amended motion for new trial. *Id.* at 87-90. On September 10, 2018, Wright filed pro se motions to terminate counsel, remove the district attorney, remain in the county jail, be provided certified copies, obtain funds for an investigator, and correct the record. *Id.* at 92-98, 134-35. On September 12, 2018, the court scheduled Wright's motion for new trial hearing for October 26, 2018. *Id.* at 99, 133.

Walker filed a third amended motion for new trial on October 22, 2018. *Id.* at 138.

At the October 26, 2018 hearing, the court asked Wright if he was "in agreement with [Walker] representing" him. Doc. 10-7 at 3. Wright responded that he was not. The court told Wright that he has "an able lawyer here with you who is fully prepared for this hearing." *Id.* at 4. Wright was also informed that Walker was the "fourth or fifth lawyer" that the court had appointed, and it would not appoint another. *Id.* at 5. The court advised Wright against terminating counsel and proceeding pro se. *Id.* Wright insisted that he wanted to proceed pro se. The court, therefore, removed Walker from the case. *Id.* at 8.

The court denied Wright's motion to remove the district attorney, motion to remain in the Baldwin County Jail, and motion for funds for an investigator. *Id.* at 3, 13. Regarding Wright's motion for certified copies of the transcripts, the court stated that Wright "already [has] certified copies of the transcripts." *Id.* at 4. Wright protested that he did not, but the Court disagreed, responding, "I know you do, Mr. Wright." *Id.* As for Wright's motion to correct the records, the court told Wright that the transcripts he has accurately reflect what transpired in court. *Id.*

The court told Wright to present arguments to support his motion for new trial. *Id.* at 9. Wright complained that he could not proceed because he did not have the necessary transcripts. *Id.* When the court informed Wright that he had all of the transcripts, and it had already "gone through that," Wright stated that he needed to amend his motion, brief the issues, and subpoena witnesses. *Id.* at 10-11. The state did not object to a continuance. *Id.* at 11. The court told Wright that it would give him at least 60 days to amend his motion for new trial and file a brief. *Id.* at 12; Doc. 17-2 at 1.

Wright has not filed an amended motion for new trial or a brief. Doc. 9-1 at 10. But he has filed numerous other motions, including a motion for supersedeas bond, motion for time served, and motion for "impeachment hearing" to impeach the trial judge. *Id.* at 152-68. Wright has appealed every issue addressed during the October 26, 2018 hearing, including a "Notice of Direct Appeal of the Denial of Motion for Certified Copies of All Transcripts in the Record" and a "Notice of Direct Appeal of Motion to Correct the Records Pursuant to O.C.G.A. § 5-6-41 that was denied on 10/26/18." Doc. 10-3 at 147-59.

In a letter dated October 4, 2019, the court told Wright that "[i]t has now been almost eleven months, and you have not yet amended your Motion for New Trial, nor have you filed with the Court any brief in support of an Amended Motion for New Trial." Doc. 17-2 at 2. The court scheduled the motion for new trial hearing for October 25, 2019. *Id.* Wright states that the October 25, 2019 hearing was cancelled because the Georgia Department of Corrections did not receive a "production order." Doc. 21.

This history verifies that Wright is the primary reason for the delay of his motion for new trial proceedings. His various motions, equivocation regarding whether he wants counsel or wants to proceed pro se, requests for continuances, and numerous notices of appeal, which temporarily divest the trial court of jurisdiction, have delayed his case. The Superior Court of Baldwin County has appointed numerous attorneys to assist Wright, and ruled on Wright's various motions when he has insisted on proceeding *pro se.* Docs. 10-4;10-5;10-6; 10-7. The Court agrees with Respondent that "there is no reason to think that, absent continued interference and delay by

[Wright] himself, the trial court will . . . hear and resolve [Wright's] motion for new trial . . . ." Doc. 9-1 at 14.

Only in rare circumstances may a federal court waive the exhaustion requirement. *Hughes v. Stafford*, 780 F.2d 1580, 1581 (11th Cir. 1986). "State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief." *Cook*, 749 F.2d at 680. But the Court may not waive exhaustion if "the petitioner has a viable procedure available at the same time he files his federal petition." *Hughes*, 780 F.2d at 1581.

Here, the delay in the state court is not unreasonable or unexplained; rather it has been caused primarily by Wright's own actions. Plus, Wright has viable state procedures available to him. It appears that Wright needs to file the amended motion for new trial and the trial brief that he told the state court in October 2018 he would file. Doc. 10-7 at 10. The issue of the trial court's failure to grant Wright's motion to correct the transcripts is either already on appeal or can be addressed on appeal. S*ee Wright v. State*, 275 Ga. 788, 789, 573 S.E.2d 361, 362 (2002) (addressing whether the trial court erred "in concluding that the appellant's motion to amend the trial transcript [pursuant to O.C.G.A. § 5-6-41(f)] lacked justiciable issues of law or fact"). Additionally, Wright's claims of unreasonable delay in his motion for new trial proceedings may be raised on direct appeal in the Georgia appellate courts. *See Chatman v. Mancill*, 280 Ga. 253, 256-63, 626 S.E.2d 102, 107-11(2006) (stating "that substantial delays experienced during the criminal appellate process implicate due process rights" and

what an appellant must present to show a due process violation resulted from appellate delay).

In conclusion, the Court has reviewed the Recommendation, the record, and Wright's objections, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the order of this Court. Accordingly, Respondent's motion to dismiss (Doc. 9) is **GRANTED**, and the petition is **DISMISSED without prejudice** for failure to exhaust.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant," and if a COA is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

Pursuant to 28 U.S.C. 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires a demonstration that "jurists of reason could disagree with the district court's resolution of [a petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as in this case, the petitioner must

show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling"; and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Petitioner has not made these showings. Therefore, the Petitioner is **DENIED a COA**. Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Accordingly, any motion to proceed *in forma pauperis* on appeal is **DENIED**.

**SO ORDERED**, this the 3rd day of February, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT